**WO**                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lamares Lee Williams, | ) | No. CV 11-1975-PHX-GMS (MEA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

Petitioner Lamares Lee Williams, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In an October 27, 2011 Order, the Court directed Petitioner to pay the filing fee or file an Application to Proceed *In Forma Pauperis*.  On November 2, 2011, Petitioner filed an Application to Proceed *In Forma Pauperis*.  The Court will dismiss the Petition as premature.

**I.    Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  See LRCiv 3.5(b).

**II.   Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2009-160889-

1  002, of misconduct involving a weapon and was sentenced to a 7-year term of imprisonment.

2  Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an

3  additional Respondent.

4      Petitioner states that he presently has a petition for post-conviction relief pending

5  before the Maricopa County Superior Court.

6  **III.   Exhaustion**

7      Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust

8  remedies available in the state courts.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526

9  U.S. 838, 842 (1999).  To exhaust a claim, a petitioner must describe both the operative facts

10  and the federal legal theory so that the state courts have a "fair opportunity" to apply

11  controlling legal principles to the facts bearing upon his constitutional claim.  Kelly v. Small,

12  315 F.3d 1063, 1066 (9th Cir. 2003).  In cases not carrying a life sentence or death penalty,

13  claims are exhausted once the Arizona Court of Appeals has ruled on them.  See Swoopes

14  v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

15      In light of the pending proceedings in state court, which could affect Petitioner's

16  sentence and which could also ultimately affect these proceedings, it would be inappropriate

17  for this Court to rule on Petitioner's claims at this time.  See Sherwood v. Tomkins, 716 F.2d

18  632, 634 (9th Cir. 1983) (even where claim to be challenged has been finally settled in state

19  courts, petitioner must await outcome of his appeal in state court before remedies are

20  exhausted); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (*per curiam*) (pending post-

21  conviction proceedings precluded grant of writ of habeas corpus).  Because this habeas action

22  is premature, the Court will dismiss the case without prejudice.

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

**IT IS ORDERED:**

(1)      Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)      The Petition (Doc. 1) and this action are **dismissed without prejudice** as premature.  The Clerk of Court must enter judgment and close this case.

DATED this 12th day of December, 2011.

_____
G. Murray Snow
United States District Judge